UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HENDRIX,

Petitioner,

v.

WARDEN MONTGOMERY,[1]

Respondent.

No. 2:20-cv-0531 JAM CKD P

ORDER

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner identifies four claims in his petition. Respondent moves to dismiss arguing petitioner has not exhausted state court remedies with respect to most of his claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas

[1] Pursuant to Rule 2 of the Rules Governing Section 2254 cases, Warden Montgomery is hereby substituted for the People of the State of California as the respondent in this action.

corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

The only claim identified in petitioner's petition for writ of habeas corpus which both arises under federal law[2] and was presented to the California Supreme Court is that his convictions for child endangerment cannot be sustained because there was not sufficient evidence presented at trial that petitioner's relationship with the allegedly endangered children was one of "care or custody" as that term is defined under California law. This claim appears as part of claim one. This being the case, the petition before the court is a mixed petition upon which petitioner cannot proceed.

At this point, petitioner has 4 options:

1. Voluntarily dismiss this action.

2. File a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Petitioner is informed that to be entitled to a stay under Rhines, he must show good cause for his failure to exhaust earlier, and that the unexhausted claims are potentially meritorious.

3. Proceed on an amended petition which only includes petitioner's fully exhausted federal claim described above.

4. File an amended petition which includes only petitioner's fully exhausted federal claim described above along with a request that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d. 1063 (9th Cir. 2003). Under the Kelly stay procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009).

/////

[2] Federal habeas relief is not available for claims arising under state law. 28 U.S.C. §2254(a).

Petitioner is cautioned that if he chooses to proceed now on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d). With respect to a California criminal conviction where, as here, defendant appealed and then sought review of the denial of the appeal in the California Supreme Court, direct review concludes pursuant to § 2244(d)(1)(A) upon expiration of the 90-day period for petitioner to file a petition for writ of certiorari in the United States Supreme Court concerning the denial of the petition for review. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir.1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 17) is denied as moot. Respondent need take no further action until receiving further instruction from the court.

2. Plaintiff is granted 30 days to inform the court how he wishes to proceed. Plaintiff's options are as follows:

A. Voluntarily dismiss this action.

B. File a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claims identified in his petition for writ of habeas corpus pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

C. Proceed on an amended petition which only includes petitioner's fully exhausted federal claim described above.

/////

D. File an amended petition which includes only petitioner's fully exhausted federal claim described above along with a request that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d. 1063 (9th Cir. 2003).

3. If petitioner fails to choose one of the options described above within 30 days, the court will recommend that petitioner's mixed habeas petition be dismissed without prejudice.

Dated: August 19, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hend0531.exh